UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GRASSHOPPER OYSTERS, INC., ET AL          CIVIL ACTION

VERSUS          NO. 14-934

GREAT LAKES DREDGE & DOCK, LLC, ET AL          SECTION "C"  (2)

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by Grasshopper Oysters, Inc., Shell Island, Inc. and Dannell B. Jurisich, and the issue of subject matter jurisdiction at the time of removal.  Rec. Doc. 18.   Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiffs filed this petition in state court seeking damages allegedly caused to their oyster leases in state waters by the defendants' vessels.  The matter was removed by Diamond Boats, Inc. ("Diamond Boats") under 28 U.S.C. § 1441(a)[1] as a "maritime

---

[1] Section 1441(a) provides:
  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
The Court notes that this provision was not amended in 2011 and reads the same as when pre-amendment jurisprudence weighing against removal under identical circumstances was determined.

claim" under 28 U.S.C. § 1333[2] and the Constitution and because "there are no claims asserted under the Jones Act nor other claims or remedies asserted that are not within this Honorable Court's original jurisdiction over maritime and admiralty claims." Rec. Doc. 1 at ¶¶ 5, 7.  There is no showing that the parties are diverse or that a federal statute other than § 1333 is relevant to the issue of removability.  The parties appear to agree that the plaintiffs' claims would fall within the original admiralty and maritime jurisdiction of the federal courts under § 1333, and that maritime law would apply in state and federal court.  *Fox v. Southern Scrap Export Co., Ltd.*, 618 So.2d 844 (La. 1993).

The plaintiffs argue for remand based on the saving-to-suitors clause contained in § 1333 and the long-established rule that maritime claims are not removable absent a showing of diversity jurisdiction or a separate basis for jurisdiction emanating from *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 377–78 (1959).  *See e.g., Barker v. Hercules Offshore, Inc.*, 713 F.3d 209 (5th Cir. 2013); *In re Dutile,* 935 F.2d 61, 62–63 (5th Cir. 1991).  The defendants Big F. Marine, L.L.C., Diamond Boats and Great Lake Dredge and Dock Co., L.L.C., oppose remand, arguing that the amendments to the

---

[2]Section 1333 provides:
 The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
  (1)  Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
  (2)  Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

removal statutes contained in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, and specifically the removal of the "forum defendant" exception in the diversity section of 28 U.S.C. § 1441(b)(2),[3] effectively allows for the removal of all maritime actions from state court and that the saving-to-suitors clause in § 1333 is not an express prohibition to removal.  Both sides agree that there is apparent disagreement among the district courts on the issue.  *See Landerman v. Tarpon Operating & Development, L.L.C.*, 2014 WL 1763208 at * 3 n. 22 (E.D.La.)(J. Vance).

The Court finds solid support for remand here in the recent cases from this district on the issue, including *Barry v. Shell Oil Co.*, 2014 WL 775662 (E.D.La)(J. Zainey), along with the conclusion of David W. Robertson and Michael F. Sturly, *Recent Developments in Admiralty and Maritime Law at the National Level and in the Fifth and Eleventh Circuits*, 38 TUL. MAR. L. J. 419, 432-33, 476-78 (the "conclusion that *Romero*

---

[3]Section 1441(b) as amended is entitled "**Removal based on diversity of citizenship.**" and provides:
   (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
   (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in wich such action is brought.

Prior to the amendment, Section 1441(b) provided:
   Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

3

(probably through congressional inadvertence) has become a dead letter seems too radical to be acceptable.") and 1 *The Law of Seamen* § 1:11 (5th ed. 2013)("[i]mportantly, the source for non-removability of admiralty cases, absent an independent basis of jurisdiction, lies not in the language of the removal statutes past or present but in the saving-to-suitors clause itself.").  There is no federal statute other than § 1333 upon which the maritime jurisdiction in this matter can be based, and § 1333 contains the saving-to-suitors clause.

"This so-called saving-to-suitors clause effectively provides a plaintiff who has an in personam claim the choice of proceeding in an ordinary non-removable civil action in a state or federal court, rather than bringing a libel in admiralty in federal court." C. Wright, A. Miller & E. Cooper, 14A *Federal Practice & Procedure:* § 3672 (4th ed.).  The significance of that clause can not be ignored, as carefully discussed in *Coronel v. AK Victory*, 2014 WL 820270 (W.D.Wash.), since "courts have given no indication that maritime claims are cognizable on the law side of federal court absent subject matter jurisdiction independent of 28 U.S.C. § 1333." *Id.* at *10.  Since an admiralty action can not originate in state court, the plaintiffs here necessarily invoked the saving-to-suitors exception to original admiralty jurisdiction and brought their claims "at law," not in admiralty.  *Id.*  Because "§ 1333 alone does not provide federal subject matter

4

jurisdiction over maritime claims on the law side of the court," the fact that maritime law is implicated in the claims does not establish federal question jurisdiction. *Id.* The fact that the plaintiffs could have filed in federal court originally does not support removability because "such a result would vitiate the saving to suitors clause, which saves to plaintiffs the ability to proceed on their claims at law, instead of in admiralty." *Id.* Allowing for removal would effectively convert the plaintiffs' claims brought at law to being brought in admiralty.

The Court recognizes the novelty of this issue. Nonetheless, based on the record and the law, the Court finds that the defendants have not established subject matter jurisdiction. Until such time as clear post-amendment appellate authority emerges, the Court finds comfortable support for non-removability from the Fifth Circuit's clear pre-amendment rulings. "It is well-established that maritime claims do not 'arise[e] under the Constitution, treaties or laws of the United States' for purposes of federal question and removal jurisdiction," *Tennessee Gas Pipeline v. Houston Casualty Insurance Co.*, 87 F.3d 150, 153 (5th Cir. 1996). *See also Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340, 348 (5th Cir. 1999).

The Court rejects the argument that remand based on a lack of subject matter jurisdiction is prohibited because of post-removal filings for limitation of liability,

although that circumstance may render this ruling largely academic, and does not address the abstention argument raised in the motion to remand.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721 (4th ed.).  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1447( c).

New Orleans, Louisiana, this 28th day of July, 2014.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE